5/5/2021 3:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 53146732
By: D Burton
Filed: 5/5/2021 3:34 PM

For Official Governmental Use Only - Do Not Disseminate to the Public: 95688165 - Page 1 of 11

CAUSE NO. _____

| | | |
|---|---|---|
| TOMMY BALKE, | § | IN THE DISTRICT COURT OF |
| RENEE BALKE, | § | |
| BLACK CREEK LAND & CATTLE | § | |
| COMPANY LLC, | § | |
| JAMES SMITH, | § | |
| MILLER ROAD INDUSTRIAL PARK | § | |
| LP, | § | |
| TEBJES INC., | § | |
| TEXAS PARTNERS HOLDINGS LP, | § | |
| XTREME HIGH PERFORMANCE | § | |
| COATINGS, INC., | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| BARRY WINSTON, | § | |
| DON CARMICHAEL, | § | |
| GARY EMMOTT, | § | |
| KK & PK FAMILY LP, | § | |
| *Defendants*. | § | |
| | § | |
| | § | ____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs, Tommy Balke, Renee Balke, Black Creek Land & Cattle Company LLC, James Smith, Miller Road Industrial Park LP, TEBJES Inc., Texas Partners Holdings LP, Xtreme High Performance Coatings, Inc. ("Plaintiffs"), file this Original Petition complaining of Defendants, Barry Winston, Don B. Carmichael, Gary Emmott, and KK & PK Family LP, ("Defendants"), and would show as follows:

**I.   DISCOVERY CONTROL PLAN**

1.1   Pursuant to Tex. R. Civ. P. 190.1, Plaintiffs intend to conduct discovery under Level 3 and requests that a Discovery Control Plan be entered by the Court pursuant to Rule 190.4.

GOVERNMENT EXHIBIT 3

## II.   PARTIES

2.1   Plaintiff, Tommy Balke, is an individual residing in Houston, Harris County Texas.

2.2   Plaintiff, Renee Balke, is an individual residing in Houston, Harris County, Texas.

2.3   Plaintiff, Black Creek Land & Cattle Company LLC, is an entity with a principal place of business in Houston, Harris County, Texas.

2.4   Plaintiff, James Smith, is an individual residing in Houston, Harris County, Texas.

2.5   Plaintiff, Miller Road Industrial Park LP, is an entity with a principal place of business in Houston, Harris County, Texas.

2.6   Plaintiff, TEBJES Inc. is an entity with a principal place of business in Houston, Harris County, Texas.

2.7   Plaintiff, Texas Partners Holdings LP, is an entity with a principal place of business in Houston, Harris County, Texas.

2.8   Plaintiff, Xtreme High Performance Coatings, Inc., is an entity with a principal place of business in Houston, Harris County, Texas.

2.9   Defendant, Barry Winston, is an individual residing in Harris County, Texas, and may be served with citation at his usual place of residence, 1140 Cypress Station Dr. #306, Houston, Texas 77090, or wherever he may be found.

2.10   Defendant, Don B. Carmichael, is an individual residing in Harris County, Texas, and may be served with citation at his usual place of residence, 18223 Theiss Mail Route, Spring, Texas, 77379, or wherever he may be found.

2.11   Defendant, Gary Emmott, is an individual residing in Harris County, Texas, and may be served with citation at his usual place of residence, 5380 West 34th Street, No. 172, Houston, Texas 77092, or wherever he may be found.

For Official Governmental Use Only - Do Not Disseminate to the Public: 95688165 - Page 2 of 11

2.12   KK & PK Family LP, is an entity with its principal place of business in Montgomery County, Texas, and may be served with citation by serving its General Partner, Kirk Kanady at 38 South Windsail Place, Spring, Texas 77381, or wherever he may be found.

2.13   Pursuant to Tex. R. Civ. P. 28, Plaintiffs expressly invokes the right to have the true name(s) of the parties substituted at a later time upon their own motion or of the Court.

### III.   JURISDICTION AND VENUE

3.1   This Court has subject matter jurisdiction over this case under its general jurisdiction as conferred by the Texas Constitution and because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

3.2   This Court has personal jurisdiction over Defendants because they are residents of the State of Texas.

3.3   Venue is proper in Harris County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code Ann. §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this claim occurred in Harris County, Texas.

### IV.   FACTS

#### I.   Relevant Facts Surrounding Seizures.

4.1   Without a valid judgment in hand, Defendants have caused the US Marshals to execute on Plaintiffs' property three times - twice at TEBJES' place of business located at 7410 Miller Rd. #2, Houston Texas 77049 ("Miller Road"), and once at the Balkes' home.

4.2   On April 2, 2019 the Marshals executed a writ dated January 11, 2019 at Miller Road and seized TEBJES' inventory of equipment and at least one piece of equipment that did not belong to either TEBJES or the Balkes. The Marshals took all equipment itemized on the Harris County Appraisal District's personal property rendition for TEBJES and forced the Balkes'

For Official Governmental Use Only - Do Not Disseminate to the Public: 95688165 - Page 3 of 11

controller to turn over financial records. All the equipment and other property seized on April 2, 2019 was removed by Apple Towing at the direction of Defendants' counsel who personally participated in the execution and directed which items should be seized. The property was taken to 2030 Holmes Rd. Houston, Texas, and was sold at an online auction which closed on or about May 28, 2019. At the direction of Defendants' counsel, the Sale was posted as one to satisfy a "Criminal Judgment". The Property seized on April 2, 2019 was sold for approximately $200,000.00 of which $169,890.00 was disbursed to Defendants on August 2, 2019. The property was worth more than $600,000.00.

   4.3 Subsequently, on June 27, 2019 the US Marshals executed a second writ dated May 30, 2019 at the Miller Road property. Both the January 11 and May 30, 2019 writs were issued to collect on the January 31, 2018 judgment from the United States District Court for the Southern District of Texas that was not final. Defendants knew the judgment was not final and proceeded to cause these executions to occur.

   4.4. On July 9, 2019, using the May 30, 2019 writ of execution, the Marshals seized property from the Balkes' home. Although the returns of execution for the June 27 seizure and the July 9, 2017 seizure reference attached inventories, neither document has an inventory attached.

   4.5 The property seized from TEBJES on June 27, 2019 and from the Balkes on July 9, 2019 was noticed for sale in an online auction beginning July 29, 2019. The notice, and the returns failed to distinguish between the property seized from Miller Road on June 27, and the property seized from the Balkes' homestead on July 9, 2019.

   4.6 The property located at 7410 Miller Rd. #2 ("Miller Road") is a 37+ acre industrial complex owned by Miller Road Industrial Park LP and serves as the principal place of business

For Official Governmental Use Only - Do Not Disseminate to the Public: 95688165 - Page 4 of 11

for several independent entities, including TEBJES. Each entity has property located at Miller Road. Additionally, several customers of the various entities have property stored at Miller Road. Ad the Direction of Defendants' Counsel, the Marshal's entered each of the separate entities business premises located at Miller Road purportedly for the purpose of executing on the non-final judgment. Additionally, Defendants' counsel interrogated various employees and maligned the Balkes to them in the process.

4.7    At least one piece of equipment owned by a different entity, Xtreme High Performance Coatings, LLC, has already been wrongfully seized and sold. During the April 2, 2019 levy from Miller Road, the Marshals seized a 375 VOLVO diesel Portable air compressor. That compressor was clearly marked with the Xtreme logo and belonged to Xtreme High Performance Coatings, Inc. It appears that the compressor equipment was sold in June 2019, along with all of the TEBJES equipment that was taken on April 2, 2019. The sale brought far less than the fair market value of the equipment and seriously inhibited TEBJES'and Xtreme High Performance Coatings' operations. Plaintiffs Balkes and Smith are owners of TTEBJES Inc. and Xtreme High Performance Coatings.

4.8    On June 27, 2019 the Marshall Service again levied on and seized property from Miller Road which included in part the following property:

    a.    Harlo Forklift (Serial # 100487)

    b.    1989 Grove 8460G Crane (Serial # HBT1RR19006Y)

    c.    Caterpillar 322C Excavator (VIN# CAT0322CJBKJ00389).

4.9    On July 9, 2019 the Marshal Service seized property from Balkes' homestead located at 18803 Wallisville Rd., Houston, Texas. The Balkes' homestead is situated on agricultural land, part of which is used as a cattle and horse ranch. The cattle and horse operation

are carried out by Black Creek Land & Cattle Company LLC, ("Black Creek") a Texas limited liability company managed by its members, Tommy and Renee Balke. Additionally, some equipment belonging to Texas Partners Holdings LP was at the Balkes' home to assist with the ranching activities. This equipment at the Balkes' property, all of which is used in the ranching business to care for the livestock and maintain the property, was seized along with other personal property even though it did not belong to any of the Defendants named in the non-final Judgment and/or was exempt from execution. The equipment taken on July 9, 2019 according to the inventory provided by the US Marshal included:

    a.    One Featherlite horse trailer (36 ft), (VIN# 4FGB23632BC116396);

    b.    One Xtreme horse trailer (26ft)(Bruton), (serial #2752201);

    c.    One 2004 TREX Front end Loader/Backhoe ((license # Tx 760B; Serial #SMFH44TR04DFM3955);

    d.    One Gamefisher two man load/carry (Sears & Roebuck, VIN # 61391)with boat carrier (no ID provided);

    e.    One 2005 Kubota Utility Vehicle RTV900 (ATV Diesel 4X4; VIN # 1DE KRTV900A51042030; Serial # 42030);

    f.    One John Deere 5200 Tractor (Model 160, Green, Serial # 1002, VIN # LV5200D221311) with bucket and with deck blade (Serial #10022);

    g.    One Generex Generator GP3300 (orange/black)

All these items were removed by Apple Towing at the direction of Defendants' counsel who personally participated in the execution and directed which items should be seized. The property was taken to 2030 Holmes Rd. Houston, Texas, and were part of an online auction scheduled to close August 12, 2019. The sale was postponed and rescheduled for February 17,

2020 through March 2, 2020. The property was sold for approximately 88,000.00, of which $84,028.83 remains in the registry of the United States District Court for the Southern District of Texas. The entities which owned equipment that was not subject to seizure, namely Black Creek and Texas Partners, obtained temporary restraining order preventing the sale of their property, and eventually such property was returned to them; however only after incurring damages in the form of attorneys fees and court costs. Additionally, those entities were deprived of the use of their property for several months. Property owned by the Balkes' used in their ranching operations was not returned.

4.10    The Writ of Execution specifically excepts property used in farm and ranching operations. Paragraph 6 provides in relevant part:

THE FOLLOWING PERSONAL PROPERTY OF THOMAS E. BALKE MAY NOT BE SEIZED:
. . .
(3) farming or ranching vehicles and implements;
(4) tools, equipment, books, and apparatus, including boats and motor vehicles used in a trade or profession; . . .

4.11    Additionally, the Featherlite 36-foot horse trailer taken on July 9, is the property of Black Creek Land & Cattle Company LLC and is collateral for the purchase money lien provided by First Citizen's Bank and Trust.

4.12    Similarly, The TREX Tx 760B Frontend Loader/Backhoe and the 2005 Kubota RTV900 ATV Diesel 4X4 do not belong to Balkes or TEBJES. They belong to Texas Partners Holdings LP. The TREX was purchased on Texas Partners' credit card. The Kubota was originally purchased by Basic Engineering Inc. and subsequently sold to Texas Partners Holdings LP. Both have been carried on Texas Land Partners books for several years – since 2014.

## V.   CAUSES OF ACTIONS AGAINST DEFENDANTS

### A. WRONGFUL EXECUTION

5.1   Defendants wrongfully executed the writ by:

    a.   levying on exempt property;

    b.   an excessive levy;

    c.   levying on property not owned by Plaintiffs;

5.2   At the direction of Defendants' counsel, Karen Emmott, the Marshals wrongfully executed the writ by seizing property that was exempt from the levy, and despite being provided proof that some of the equipment was owned by separate entities. Furthermore, Defendants had knowledge that they were levying on a judgment that has been superseded by an appeal.

### B. WRONGFUL SEIZURE

5.3   Defendants failed to exercise due diligence in carrying out the writ and thus wrongfully seized exempt and third-party property.

5.4   The Defendants wrongfully seized equipment that did not belong to either TEBJES or the Balkes.

5.5   The Defendants wrongfully seized exempt property by bypassing the Writ of Execution which specifically excepts property used in farm and ranching operations.

### C. GROSS NEGLIGENCE

5.6   Defendants had a duty to exercise ordinary care in carrying out a thorough due diligence of the items to be seized. The Defendants acted with such a conscious indifference to the rights of the Plaintiffs and their property so as to constitute gross negligence.

5.7    Defendant breached that duty of care in numerous ways including, but not limited to the following:

      a.   Failing to carry out the judgment correctly;

      b.   Failing to examine the property to be levied;

      c.   Failing to examine the rightful owners of the property to be levied;

      d.   Failing to assess the exempt property; and

      e.   Levying exempt property.

5.8    Each of the foregoing acts and/or omissions of Defendants singularly or in combination, constitute negligence and were the proximate cause of Plaintiffs' injuries and damages.

### D. CONVERSION

5.9    The Defendants sold Plaintiffs' exempt property and property unqualified for the levy because it was third-party property.

5.10   The property seized from TEBJES on June 27, 2019 and from Balkes on July 9, 2019 was noticed for sale in an online auction beginning July 29, 2019. The notice, and the returns failed to distinguish between the property seized from Miller Road on June 27, and the property seized from the Balke's homestead on July 9, 2019.

### E. TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

5.11   Defendants had a duty to exercise ordinary care in carrying out a thorough due diligence of the items to be seized in order not to interfere with Plaintiffs' business relationships. The Defendants acted with such a conscious indifference so as to constitute a tortious interreference with Plaintiffs' business and contractual relationships.

5.12    Defendants breached that duty of care in numerous ways including, but not limited to failing to carry out the judgment correctly, failing to examine the rightful owners of the property to be levied, and levying exempt property.

5.13    Each of the foregoing acts and/or omissions of Defendants singularly or in combination, constitute negligence and were the proximate cause of Plaintiffs' injuries and damages.

### F. BUSINESS DISPARAGEMENT

5.14    The Defendants made disparaging statement concerning the Balkes. Defendants' counsel interrogated various employees and maligned Balkes to them in the process.  The publication of these disparaging statements concerning the Balkes were false, said with malice, with the reasonable recognition that the statements will cause pecuniary loss, and pecuniary loss did in fact result from those statements.

### G. TRESPASS

5.15    The Defendants trespassed on Plaintiffs' property by entering without consent and with notice that the entry was forbidden because of the wrongful execution of the writ.

## VI.    DAMAGES

6.1    As a direct and proximate result of Defendants' acts and omissions, Plaintiffs sustained damages and bring this lawsuit for the following damages that resulted from the wrongful execution and other causes of actions pursuant to Tex. R. Civ. P. 47.  The following damages have resulted from the Defendants' actions: over $1,000,000 for actual damages, plus punitive damages, pre-judgment and post-judgment interest, costs of court, and any further relief to which Plaintiffs may be entitled.

For Official Governmental Use Only - Do Not Disseminate to the Public: 95688165 - Page 10 of 11

## VII. RULE 193.7 NOTICE

7.1   Pursuant to Tex. R. Civ. P. 193.7, Plaintiffs hereby give actual notice to Defendants that any documents produced in response to written discovery will be used in pretrial proceedings and/or at trial without the necessity of authenticating the documents, unless Defendants object pursuant to Tex. R. Civ. P. 193.7.

### PRAYER

For these reasons, Plaintiffs, Tommy Balke, Renee Balke, Black Creek Land & Cattle Company LLC, James Smith, Miller Road Industrial Park LP, TEBJES Inc., Texas Partners Holdings LP, and Xtreme High Performance Coatings, Inc., respectfully request that the Court issue citation commanding Defendants, Barry Winston, Don B. Carmichael, Gary Emmott, KK & PK Family LP, to appear and answer, and that Plaintiffs have judgment against Defendants for actual damages; punitive damages; pre-judgment and post-judgment interest; costs of court; and any further relief to which Plaintiffs may be entitled.

Respectfully submitted,

**SORRELS LAW**

*/s/ Randall O. Sorrels*
Randall O. Sorrels
Texas Bar No. 10000000
Alexandra L. Farias-Sorrels
Texas Bar No. 24074197
5300 Memorial Drive
Suite 270
Houston, Texas 77007
(713) 226-5152
Randy@SorrelsLaw.com
Alex@SorrelsLaw.com

**ATTORNEYS FOR PLAINTIFFS**

For Official Governmental Use Only - Do Not Disseminate to the Public: 95688165 - Page 11 of 11



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   November 20, 2025

Certified Document Number:        95688165 Total Pages:  11

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**